UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| REGINALD REESE,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:18cv1922(KAD) |
| RACHEAL LIGHTNER, ET AL.,<br>    Defendants. | :<br>:<br>: |

## **INITIAL REVIEW ORDER**

**Preliminary Statement**

The plaintiff, Reginald Reese ("Reese"), is incarcerated at the MacDougall-Walker Correctional Institution ("MacDougall-Walker"). He initiated this action by filing a civil rights complaint against Drs. Omprakash Pillai, Edgar Cory and Augustus Mazzocca, Physician Assistant ("PA") Kevin McCrystal and Health Services Administrator ("HSA") Rikel Lightner.[1] He claims that the defendants were deliberately indifferent to his knee injuries and pain from those injuries during his confinement at MacDougall-Walker. For the reasons set forth below, the complaint is dismissed in part.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of

---

[1] Reese lists Rikel Lightner's first name as Racheal and lists Omprakash Pillai's last name as Pillia. *See* Compl. at 1. It is evident from a letter written by HSA Lightner and attached as an exhibit to the complaint, that Ms. Lightner's first name is spelled Rikel. *See id.* at 136. It is evident from a medical report attached as an exhibit to the complaint the complaint that Dr. Pillai's last name is spelled Pillai. *See id.* at 29.

Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**Allegations**

On July 27, 2012, while at MacDougall-Walker, Reese injured his left knee playing basketball. *See* Compl. at 8 ¶ 1. Medical Staff members provided Reese with ice and medication for his pain symptoms. *See id.* In the months following the injury, Reese submitted multiple requests to the medical department to be seen and to be referred for an MRI because his knee was swollen and painful. *See id.* On October 27, 2012, Reese sent a request to HSA Lightner indicating that medical staff at MacDougall-Walker had not been responsive to his medical needs. *See id.*

On November 26, 2012, Reese underwent an MRI of his left knee. *See id.* ¶ 2 & at 27,

2

29. On October 30, 2012, Reese sent a request to Dr. Pillai complaining about his knee and ankle. *See id.* Dr. Pillai did not respond to this request. *See id.* On December 6, 2012, Reese sent a request to Dr. Naqvi seeking to meet with him to discuss the results of the MRI and the type of surgery he would undergo. *See id.* Reese did not meet with Dr. Naqvi before he underwent surgery on January 3, 2013 to repair torn cartilage in his left knee. *See id.* at 9 ¶ 2 & at 29.

On January 15, 2013, Reese wrote to Dr. Pillai on January 15, 2013 to inform that he had experienced swelling and pain in his knee when he tried to walk on it. *See id.* On March 20, 2013, Reese submitted a request to the medical department seeking pain medication because his pain returned when he attempted to "rehab" his knee. *See id.* Some months after the surgery, Reese discovered that State of Connecticut Administrative Directive 8.1 required that medical staff members provide inmates with physical therapy, which he did not receive. *See id.*

Two and a half years later, on June 8, 2015, Reese re-injured his left knee. *See id.* ¶ 3. Medical Staff members provided Reese with crutches and a small box of Motrin. *See id.* Dr. Pillai saw Reese a month and a half after he re-injured the knee. *See id.* During the appointment, Reese asked for a referral for an MRI to determine the nature of the injury to his knee. *See id.* On April 14, 2016, Reese wrote to PA McCrystal because he was experiencing severe pain in his knee and asked why the request for an MRI was denied. *See id.* ¶ 4.

On January 6, 2017, Reese underwent surgery on his left knee to repair a torn anterior cruciate ligament. *See id.* at 11 ¶ 8 & at 38. After the surgery, Reese experienced pain in his left knee and spasms in his left leg. *See id.* at 10 ¶ 5. During the period from January 23, 2017 to March 14, 2018, Reese submitted multiple requests to HSA Lightner, Dr. Pillai and PA

McCrystal to be treated for post-surgery symptoms. *See id.* at 10-13 ¶¶ 4-16. He sought physical therapy, a knee brace and pain medication. *See id.*

On March 16, 2018, Reese underwent arthroscopic surgery on his left knee. *See id.* at 13 ¶ 18. On March 19, 2018, Reese sent Dr. Pillai a request informing him that neither the medical providers at the University of Connecticut Health Center ("UCONN") or the medical staff at MacDougall-Walker had provided him with physical therapy. *See id.* ¶ 17. On March 29, 2018, Reese sent a request to Dr. Pillai because he had a big lump on his left knee and it felt warm. *See id.* ¶ 19. Dr. Pillai did not respond to the request or examine Reese. *See id.* In April 2018, Reese wrote to HSA Lightner, Dr. Pillai and PA McCrystal complaining that his knee was painful and that no one had provided him with physical therapy or pain management. *See id.* at 13-14 ¶¶ 20-22. On May 3, 2018, Reese underwent physical therapy for his left knee at UCONN. *See id.* at 14 ¶ 24.

In early June 2018, Reese wrote to PA McCrystal seeking a bottom bunk pass because he was unable to climb to the top bunk due to the injury to his left knee. *See id.* at 14-15 ¶ 27. On September 21, 2018, Reese wrote to Dr. Pillai and to Dr. Naqvi because he was not sure which physician was his treating physician. *See id.* ¶ 32. Reese explained that his left knee was still painful and the medication prescribed to him did not alleviate the pain. *See id.* at 15-16 ¶ 32. In addition, his knee was "clicking and popping all the time" and would often become stiff and painful. *See id.* at 16 ¶ 32.

**Discussion**

Reese alleges that the defendants were aware of his medical conditions and symptoms of pain, but failed to take any action to treat the conditions or symptoms. The court construes

4

Reese's allegations as a claim that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

To state a claim for deliberate indifference to a serious medical need, a plaintiff must meet a two-pronged test. Under the first prong, a plaintiff must demonstrate that his or her medical need was "sufficiently serious." *Salahuddin v Goord*, 467 F.3d 263, 279 (2d Cir. 2011). Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

The Plaintiff must also establish that the defendants were actually aware of, or recklessly disregarded, a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. *See Salahuddin*, 467 F.3d at 279-80. Mere negligent conduct does constitute deliberate indifference. *See id.* at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

**Eighth Amendment Claims – Time Period from July 2012 to March 2013**

The complaint includes two periods during which Reese claims he did not receive adequate medical treatment, pain management or physical therapy. It is apparent from the face of the complaint and attached exhibits that the claims arising out of his treatment (or lack thereof) between July 2012 and March 2013 are barred by the statute of limitations.

5

The statute of limitations for tort claims set forth in Connecticut General Statutes § 52-577 applies to claims brought pursuant to section 1983 arising in Connecticut. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 sets a three-year limitations period running from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577. Although the federal court looks to state law to determine the applicable statute of limitations for claims arising under sections 1983, the court looks to federal law to determine when a federal claim accrues. *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) ("In a federal question case ... when a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues.") (citations omitted). A federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).

Although the statute of limitations ordinarily is an affirmative defense, a district court may dismiss a complaint if the allegations demonstrate that the relief sought is barred by the applicable statute of limitations. *See Sejin Precision Indus. Co. v. Citibank, N.A.*, No. 17-2319-CV, 2018 WL 1151784, at *1 (2d Cir. Mar. 5, 2018) ("Likewise, at the pleading stage, a complaint is subject to dismissal if it appears on the face of the complaint that the cause of action has not been brought within the statute of limitations.) (internal quotation marks and citations omitted); *Harnage v. Torres*, 665 F. App'x 82, 83 (2d Cir. 2016) (affirming *sua sponte* dismissal of inmate's claims as barred by the statute of limitations.); *Milan v. Wertheimer*, 808 F.3d 961, 963–64 (2d Cir. 2015) (per curiam) (affirming *sua sponte* dismissal of claims based on statute of

limitations).

Reese claims that from July 27, 2012 to March 20, 2013, he sought treatment from Dr. Pillai, Dr. Naqvi, who is not a defendant in this action, and HSA Lightner and that Dr. Pillai and HSA Lightner were unresponsive or otherwise were deliberately indifferent to his medical needs. There are no allegations regarding medical treatment requested or received by Reese from March 21, 2013 to June 7, 2015. On June 8, 2015, Reese underwent his second knee surgery. Reese claims that from June 8, 2015 to September 21, 2018, he sought treatment from Dr. Pillai, HSA Lightner and PA McCrystal and again, that these defendants were deliberately indifferent to his medical needs.

Claims arising from his treatment between 2012 and 2013, accrued at that time as Reese was certainly aware of his injuries and his purportedly inadequate treatment. Reese signed the instant complaint on November 25, 2018 and it was received for filing on November 27, 2018, well over five years from the last act complained of regarding this treatment. Accordingly, any Eighth Amendment claims arising from July 2012 through March 2013 are barred by the statute of limitations unless the statute is tolled.

Connecticut law permits tolling of the statute of limitations under the continuous course of conduct doctrine or due to fraudulent concealment of the cause of action by the defendants. *See Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 430, 75 A.3d 78, 82 (2013). Although the Second Circuit has observed that "in section 1983 actions, we borrow not only a state's limitations period but also its tolling rules," *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks and citation omitted), there are no facts alleged which would suggest a tolling of limitations period on the basis of a continuous course of conduct or on

7

the basis of fraudulent concealment by any defendant. *See Harnage*, 665 F. App'x at 84 (observing that "continuing violation doctrine is limited "to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment ... and, when the doctrine does apply, the limitations period begins to run when the defendant has engaged in enough activity to make out an actionable ... claim"). Indeed, the allegations giving rise to these claims are discrete and limited to the time period from July 27, 2012 through March 20, 2013. There are no allegations which connect the failure of treatment during the earlier time with the subsequent injuries and treatment in 2015 through 2018. The Eighth Amendment claims of deliberate indifference to medical needs pertaining to the time from July 27, 2012 to March 20, 2013, as asserted against Dr. Pillai and HSA Lightner, are barred by the statute of limitations and are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**Eighth Amendment Claims – Time Period June 2015 to September 2018**
**Drs. Edgar and Mazzocca – Individual and Official Capacity Claims**

Reese does not mention or refer to Dr. Mazzocca or Dr. Edgar other than in the caption of the complaint and description of the parties. He identifies both physicians as employed at UCONN. Absent any allegations regarding the acts or omissions of Dr. Mazzocca or Dr. Edgar, Reese has not alleged that either defendant violated his constitutionally or federally protected rights.

The court notes that a review of the over 130 pages of exhibits attached to the complaint reflects that Dr. Mazzocca recommended and/or performed surgery on Reese's left knee on January 6, 2017 and Dr. Edgar performed surgery on Reese's left knee on March 13, 2018. *See* Compl. at 38, 61, 111. There are no allegations that in recommending that surgery be performed

or in performing surgery to repair injuries to Reese's left knee, either Dr. Mazzoca or Dr. Edgar was deliberately indifferent to Reese's medical needs. Nor would any allegation of medical malpractice state a claim of deliberate indifference. *See Hernandez,* 341 F.3d at 144 (medical malpractice alone does not amount to deliberate indifference). Accordingly, the claims against Dr. Mazzocca and Dr. Edgar are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### Eighth Amendment Claims – Time Period June 2015 to September 2018
### Dr. Pillai, PA McCrystal and HSA Lightner – Individual Capacity Claims

Reese has alleged that after he re-injured his knee in early June 2015 and until he underwent surgery in early January 2017, his knee was very painful, and that HSA Lightner and PA McCrystal were not responsive to his requests for treatment. After Reese underwent surgery on his left knee in January 2017 and through and including surgery in March 2018, Reese alleges that Dr. Pillai, HSA Lightner and PA McCrystal were not responsive or did not timely respond to Reese's requests for pain management, physical therapy, a knee brace or a bottom bunk pass. Reese states a plausible claim that, at various times from June 2015 to September 2018, Dr. Pillai, HSA Lightner and PA McCrystal were deliberately indifferent to his serious knee injuries and/or pain symptoms and this claim will proceed against Dr. Pillai, HSA Lightner and PA McCrystal in their individual capacities.

### Dr. Pillai, HSA Lightner and PA McCrystal – Official Capacity Claims

For relief, Reese seeks injunctive and declaratory relief and monetary damages. He does not indicate whether he sues the defendants in their official capacities as well as their individual capacities.

To the extent that Reese seeks money damages from Dr. Pillai, HSA Lightner and PA McCrystal in their official capacities, such a request for relief is barred by the Eleventh

Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Accordingly, the claims for monetary damages against Dr. Pillai, HSA Lightner and PA McCrystal in their official capacities are dismissed. *See* 28 U.S.C. § 1915A(b)(2).

Reese seeks declaratory relief regarding the failure of Dr. Pillai, HSA Lightner and PA McCrystal to treat his serious knee injuries and pain symptoms. For injunctive relief, Reese seeks an order directing Dr. Pillai, HSA Lightner and PA McCrystal to provide him with medical treatment for his serious knee injuries and pain symptoms, including physical therapy. Construed liberally, the complaint may be read to include allegations of a continuing denial or deprivation of medical treatment by Dr. Pillai, HSA Lightner and PA McCrystal. Accordingly, the court will permit the requests for prospective injunctive and declaratory relief, which relate to treatment for Reese's knee injuries and pain, to proceed against Dr. Pillai, HSA Lightner and PA McCrystal in their official capacities.

**ORDERS**

The court enters the following orders:

**(1)** The following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1)**:** the Eighth Amendment claims against and Drs. Mazzocco and Edgar, and the Eighth Amendment claims against Dr. Pillai and HSA Lightner which arose during the period from July 27, 2012 to March 20, 2013. Further, the claims for monetary damages against Dr. Pillai, HSA Lightner and PA McCrystal in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

The Eighth Amendment claims of deliberate indifference to medical needs which arose from June 2015 to September 2018 will proceed against Dr. Pillai, HSA Lightner and PA McCrystal in their individual capacities and in their official capacities to the extent that Reese seeks declaratory and injunctive relief.

(2) **Within twenty-one (21) days of this Order**, the Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal's Service. The U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on Dr. Omprakash Pillai, HSA Rikel Lightner and PA Kevin McCrystal in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Dr. Omprakash Pillai, HSA Rikel Lightner and PA Kevin McCrystal and mail a copy of the complaint, this order and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of each request. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) Dr. Pillai, HSA Lightner and PA McCrystal shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose

to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

**(5)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

**(6)** All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

**(7)** **The Clerk shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

SO ORDERED at Bridgeport, Connecticut this 20th day of May, 2019.

                                                \_\_\_/s/_____
                                                Kari A. Dooley
                                                United States District Judge